UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Case No. 2:13-cr-21-s |
| | § | |
| **EZEQUIEL LOPEZ-HERNANDEZ** | § | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Defendant filed a motion to dismiss the superseding indictment against him.[1] (D.E. 15). A hearing was held on the motion to dismiss. It was stipulated for the purposes of the hearing that Defendant knowingly gave a false social security number to the authorities of the State of Texas in connection with the prosecution and supervision of Defendant for commission of state crimes. Defendant argues the indictment lacks required specificity and that the charged statute is void for vagueness, lacks a sufficient federal connection, and does not reach Defendant's alleged conduct. (D.E. 15). The Court finds Defendant's arguments unpersuasive as applied to the present case.

The indictment cites to and closely tracks the charges' statutory language, including all elements and essential facts necessary for preparing a defense and invoking double jeopardy. *See* Fed. R. Crim. P. 7; *United States v. Gonzales*, 436 F.3d 560 (5th Cir. 2006); *see also* 42 U.S.C. § 408(a)(7)(B); *United States v. Means*, 133 F.3d 444 (6th Cir. 1998). The indictment alleges that

---

[1]Defendant's original motion, filed February 22, 2013, requested dismissal of Count One of the original indictment. (D.E. 15). A superseding indictment was filed March 13, 2013. (D.E. 23). On March 18, 2013, a hearing was held on the original motion to dismiss. At the hearing, Defendant represented that the original motion applied to Count One and Count Two of the superseding indictment.

Defendant (1) knowingly and with the intent to deceive, (2) falsely represented his social security number, (3) for the purpose of obtaining something of value and for other purposes. (D.E. 23). It also provides specifics as to which authorities and on which forms such misrepresentations were made. (D.E. 23). The indictment is sufficient to put Defendant on fair notice of the charges against which he must defend. *See United States v. Johnson*, 996 F.2d 312 (10th Cir. 1993) (unpublished) (a count in the indictment did not fail for stating "any purpose" for misrepresenting a social security number because it alleged the defendant misrepresented her social security number to fill out a specific form).

Defendant's challenges to 42 U.S.C. § 408(a)(7)(B) are foreclosed by Congress' intent to forbid the misuse of a social security number without concern for the reason behind the misuse. *See United States v. Silva-Chavez*, 888 F.2d 1481 (5th Cir. 1989). The Court finds the charged statutory language is clear and provides adequate notice of Congress' intent to cover misuse of social security numbers for any and all purposes. *Id*. As Defendant is charged with knowingly and falsely misrepresenting his social security number for any purpose with the intent to deceive in connection with official documents provided to state judicial authorities, Defendant's conduct is covered by the statute. Further, the Court finds that Congress' ability to regulate the misuse of unique numbers administered and used by a federal agency for the distribution and of federal benefits is not stiffled by the use of such numbers for identification purposes by state authorities.[2] *See United States v. Pryor*, 32 F.3d 1192 (7th Cir. 1994) (that the defendant "planned to bilk local rather than federal officials is no defense").

---

[2] In fact, it was stipulated that Defendant is a citizen of Mexico and is illegally within the United States.

Accordingly, Defendant's motion to dismiss is DENIED.

ORDERED this 26th day of March, 2013.

_____
HAYDEN HEAD
SENIOR UNITED STATES DISTRICT JUDGE